NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEONCIO SAUL HERRERA RAMOS,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-74409

Agency No. A205-717-779

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Leoncio Saul Herrera Ramos, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003). We deny the petition for review.

Ramos claims his family suffered past persecution and that he fears future persecution on account of both his religion and his family membership. Substantial evidence supports the agency's finding that he failed to establish past or future persecution on account of these grounds. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-42 (9th Cir. 2009) (under the REAL ID Act, applicant must prove a protected ground is at least "one central reason" for persecution). Ramos also claims he will be persecuted in the future based on his particular social group of witnesses of violence. Substantial evidence supports the agency's finding that Ramos failed to establish it is more likely than not that he will be persecuted in Guatemala based on this proposed group. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). Thus, we deny the petition for review as to Ramos' withholding of removal claim.

Further, substantial evidence supports the agency's denial of Ramos' CAT claim because he failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir.

2014).

**PETITION FOR REVIEW DENIED.**